The opinion of the Court was delivered by
Dunkin, C. J.
The reasoning of the Chancellor is entirely satisfactory to show that the plaintiff was executor, according to the tenor of his brother’s will. Indeed it is so alleged in the bill. But it is insisted that the bequest of the residue of the fund to arise from the sale of the land was not made to the plaintiff as executor, and that “ being residuary devisee of the land by the express terms of the will, he was entitled to a decree for the land upon payment of testator’s debts, which he had offered to do,” — or at least to a decree for the sale of the land, and payment of the debts, and the surplus to be paid to him.
The general proposition is not questioned, that, where a legacy is given to a person appointed executor, the presumption is that it is given to him in that character, and that the burthen of proof is on him, to show something in the nature of the legacy, or other circumstances arising ou the will, to repel that presumption.
*165 This will was executed in March, or April, 1862, just as the testator was leaving home to join the ai*my of the Confederate States. Although prepared and witnessed by a gentleman of the legal profession, it bears evident marks of haste. The instrument is without date, and, although purporting to appoint an executor, no one is nominated. The testator had a wife, but was without children. The first clause directs the payment of his just debts. The second is that recited in the decree $ and the will concludes thus: “ all the balance of my estate I give and bequeath to my wife, Elizabeth Ann, her heirs and assigns forever.” The will was proved 2d Dec. 1862, and, on 18th Dec. the widow took out letters of administration, with the will annexed, and has since been engaged in discharging her duties as such. The plaintiff was in the army at the death of his brother, but returned for a short time in 1864, and gave notice that he wanted the land, and would pay the debts. In Dec. 1865, these proceedings were instituted. In the course of litigation many references were held, the, result of which was that the market value of the land would scarcely pay the debts. But, if the plaintiff’s positions are well taken, he was entitled to a decree. Is there any ©ii-. cumstance, arising on the will or otherwise, to rebat the presumption that the bequest to the. plaintiff was in his character as executor, and consequently, never having assumed the office, he is not entitled to the bequest? The Court is at liberty, in giving construction, to look at the surrounding circumstances. The testator had a brother, the natural object of regard, and a wife, the object of his regard and solicitude. His land, if sold w-according to the best discretion of his executor, at public or private sale,” might probably sell for something more than was sufficient to pay his debts. He directs it to b.e sold by his executor,, and, “ after payment of his debts and funeral expenses, the balance, if any, of the money derived, from the sale is given, *166 to his brother, (the plaintiff,) which is "to be in lieu of all commissions.”
The primary object of the testator’s bounty was his wife. A particular portion of his estate is set apart for the payment of his debts. His brother and executor is to have the trouble of administering the estate, and for his compensation, or in lieu of commissions, is to receive any balance which may remain of the fund especially set apart for the payment of debts and expenses, thus relieving his wife from the trouble or charge in the management and settlement of his estate, and bequeathing to her the residue of his estate, except only the portion thus set apart. If the portion set apart had been a bond which his executor was to collect, and, out of the proceeds pay testator’s debts, and retain the balance, if any, in lieu of commissions, it would not be doubtful that the presumption would prevail, and that, although the executor was the testator’s brother, he could only entitle himself to the bequest by assuming and discharging his official duties. It is not perceived that the character of the property set apart affects the conclusion.
It is ordered and decreed that the decree of the Circuit Court, dismissing the plaintiff’s bill, be affirmed.(a)

Decree affirmed.

 It does not appear who concurred with the Chief Justice, hut as nothing appears to the contrary, it is presumed the Court was unanimous.